UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ANTONINA KHRAMOVA,

    Plaintiff,

    v.                                                                                        CIVIL ACTION NO. 22-10300-NMG

HEATHER VAN NESS,

    Defendant.

REPORT AND RECOMMENDATIONS ON
DEFENDANT'S MOTION TO DISMISS (#9); PLAINTIFF'S MOTIONS TO REMAND
(##13; 22); AND PLAINTIFF'S MOTIONS FOR VARIOUS FORMS OF RELIEF
(##11; 12; 15; 21; 23; 24)[1]

KELLEY, U.S.M.J.

I. Introduction.

This case stems from actions taken by the Walpole Police, apparently in response to reports concerning the welfare of plaintiff's children, including her newborn baby. On December 1, 2021, Antonina Khramova filed a complaint, pro se, in the Norfolk Superior Court, #2182-cv-01076, against Walpole Police Officer Heather Van Ness seeking $100,000 "for pain and suffering, severe

---

[1] These motions have been referred to this court, *see* ##16; 17; 26, which will proceed via report and recommendation. *See Valley Mgmt., Inc. v. Boston Road Mobile Home Park Tenants Ass'n*, 736 F. Supp. 2d 344, 346-347 (D. Mass. 2010) (discussing split of authority on whether remand motion is dispositive or non-dispositive; proceeding via report and recommendation); *Unauthorized Practice of Law Comm. v. Gordon*, 979 F.2d 11, 13 (1st Cir. 1992) (per curiam) (declining to decide); *cf. ML-CFC 2007-6 Puerto Rico Properties, LLC v. BBP Retail Properties, LLC*, 951 F.3d 41, 49 n.4 (1st Cir. 2020) (citing *First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 996 (10th Cir. 2000) (motion to remand is dispositive)); *see also Davidson v. Georgia-Pacific, LLC*, 819 F.3d 758, 763-764 (5th Cir. 2016) (joining Second, Third, Sixth, Ninth, and Tenth Circuits).

emotional distress, trauma, anguish, anxiety, defamation, constant fear, stress, slander, inability to sleep, discrimination, [and] violation of human righ[ts]." (#7 at 1-2, 10, 13.)

On February 22, 2022, defendant removed the case from the Norfolk Superior Court to this court. (#1.) On March 8, 2022, defendant moved to dismiss under Fed. R. Civ. P. 12(b)(6). (##9; 10.) Plaintiff opposes the removal of this case to federal court and "ask[s] [the] court to revise/cancel court decision and transfer this case back to the Norfolk [S]uperior [C]ourt." (#13 at 1.) As grounds for remand, plaintiff argues that the "[c]ase was transferred without any input and consideration from" her. *Id*.; *see also* #22 (second motion for remand that is substantively identical to first motion, #13).

Defendant argues that this court has federal question jurisdiction because plaintiff "claims that her constitutional rights were violated. Thus, [her] complaint on its face raises a federal question and its removal was proper." (#19 at 1-2.) Defendant's notice of removal states: "This is an action alleging claims including those arising out of the Constitution of the United States." (#1 at 1.)

For the reasons set out below, the court recommends that the case be remanded to the Norfolk Superior Court.

II. Plaintiff's Complaint.

Plaintiff alleges that, on December 16, 2020, police "discriminated" against her when they received a false report based solely on her last name, which is Russian, and decided that she was involved in, and guilty of, "human trafficking, sexual slavery and children sexual exploitation [sic]" and that she has close ties with criminals in her country of origin, Russia, who assisted with her crimes. (#7 at 13.) According to plaintiff, these accusations are not true and police do not have evidence to support them. *Id*. Police "specifically target[ed]" her based on national origin. *Id*.

Plaintiff also alleges that during the eight months before she filed the complaint, police circled her house and stopped next to her driveway every day, intimidating and scaring her and her family, particularly her children. (#7 at 13.) Police forced plaintiff to protect her family from them by, among other things, making phone calls and writing letters, which was a stressful, traumatic, and time-consuming process. *Id*.

Plaintiff further alleges that on January 14, 2021, defendant and other police officers unlawfully invaded her house without a warrant or consent. (#7 at 11.) On that day, a social worker with the Massachusetts Department of Children and Families ("DCF") told plaintiff that police had "strong evidence" that because of her close ties with criminals in Russia she was involved in human trafficking, sexual slavery, and child exploitation. *Id.* The social worker warned her that she had to let police inside her house and show them her children or they would force themselves inside, remove her children, and never allow her to see them again. *Id*.

Police, including defendant, then forcefully entered plaintiff's home; defendant went to the baby's room to check on plaintiff's baby. (#7 at 11.) Defendant included false statements in her police reports; plaintiff lists 19 "falsified accusations against [her] family that [defendant] made and reported to police and DCF." *Id*. at 11-13. Plaintiff alleges that some of the facts defendant put in her reports, such as that the family did not have a car seat for the baby, no one saw the baby after discharge from the hospital and plaintiff missed the baby's doctor's appointment, and that the baby's father was yelling at defendant, were "derogatory, defamatory, and slander." *Id*. at 12 ("(2) and (3)").[2]

---

[2] Elsewhere, plaintiff alleges that defendant's police report "makes statements about [plaintiff's] Russian ethnicity, national origin, and accent when speaking." (#7 at 11.) According to plaintiff, in her police report, defendant commented that plaintiff had "strange behavior that [defendant] attributed to [plaintiff's] Russian national origin." *Id*.

Plaintiff concludes:

> Police officer Van Ness discriminated me and my family based on my origin. Police officer violated our constitutional rights and our human rights. She severely traumatized us, innocent people specially our children. She emotionally distressed me and my children. She put us, innocent people, in great pain and suffering. She falsified accusations against me and my family that were deformation of character and slander. I/We believe she is not qualified and don't deserve to be a police officer of our country, the United States of America and should be disciplined by permanent suspension from her position. I/The family should be paid $100,000.00 for pain and suffering….

(#7 at 13.)

III. Relevant Law.

A defendant may remove to federal district court any civil action brought in a state court that could have been brought in the federal district court initially. 28 U.S.C. § 1441(a). *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Ortiz-Bonilla v. Federacion de Ajedrez de Puerto Rico, Inc.*, 734 F.3d 28, 34 (1st Cir. 2013). In the absence of diversity of citizenship, whether a civil action brought in a state court could have been brought in the federal district court depends on whether the action implicates "federal question" jurisdiction; that is, whether it "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see Ortiz-Bonilla*, 734 F.3d at 34.

When the defendant removes a case from state court, the defendant, not the plaintiff, bears the burden of making a "colorable" showing that federal question jurisdiction exists. *Danca v. Private Health Care Sys., Inc.*, 185 F.3d 1, 4 (1st Cir. 1999) (quoting *BIW Deceived v. Local S6 Indus. Union of Marine & Shipbuilding Workers of Am.*, 132 F.3d 824, 831 (1st Cir. 1997)); *see also Rossello-Gonzalez v. Calderon-Serra*, 398 F.3d 1, 11 (1st Cir. 2004). Generally, there are two types of federal question jurisdiction cases: the "direct" federal question case in which the plaintiff pleads a cause of action that is premised on federal law and the "embedded" federal question case

4

in which the plaintiff pleads a cause of action that is premised on state law but which necessarily raises a substantial federal issue. *Ortiz-Bonilla*, 734 at 34-35; *see Rhode Island Fishermen's All., Inc. v. Rhode Island Dept. of Env't Mgmt.*, 585 F.3d 42, 48 (1st Cir. 2009).

Either way, the "well-pleaded complaint rule" applies, requiring that the direct or embedded federal question be stated on the face of plaintiff's complaint, not determined by reference to other pleadings. *See Ortiz-Bonilla*, 734 F.3d at 34; *Lopez-Munoz v. Triple-S Salud, Inc.*, 754 F.3d 1, 4 (1st Cir. 2014); *Rhode Island Fishermen's All.*, 585 F.3d at 48. With certain exceptions, under the well-pleaded complaint rule, the plaintiff is the "master" of her claims; the defendant cannot remove the case if plaintiff's claims are premised on state law only. *Lopez-Munoz*, 754 F.3d at 4-5; *see also Danca*, 185 F.3d at 4.

The removal statute, which does not itself create jurisdiction, must be strictly construed. *Danca*, 185 F.3d at 4; *see Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941). If there is any ambiguity as to the source of law for plaintiff's claims, that ambiguity must be resolved against removal. *Rossello-Gonzalez*, 398 F.3d at 11. This is because the defendant bears the burden of showing that federal question jurisdiction exists and because there are important federalism concerns implicated by removal. *Id*.

Jurisdiction "can never be presumed, nor can it be conferred by acquiescence or consent;" the court is obligated to inquire, even if its jurisdiction has not been challenged by the parties. *Lawless v. Steward Health Care Sys., LLC*, 894 F.3d 9, 17 (1st Cir. 2018); *see, e.g., Tarr v. Town of Rockport*, 405 F. Supp. 2d 75, 77 (D. Mass. 2005); *see also* 28 U.S.C. § 1447(c). Whether federal question jurisdiction exists is determined as of the time of removal. *Id*. at 17; *Tarr*, 405 F. Supp. 2d at 77. If the court has federal question jurisdiction over at least one of plaintiff's claims,

5

it may assert supplemental jurisdiction over remaining state law claims that are premised on the same nucleus of operative facts. *BIW Deceived*, 132 F.3d at 833-834; *see* 28 U.S.C. § 1367(a).

IV. Discussion.

To the extent that plaintiff is claiming that remand to the Norfolk Superior Court is necessary because defendant had to consult with her before removing and failed to, plaintiff is mistaken. A defendant seeking to remove a civil action from state court must file a notice of removal in the appropriate federal court, *see* 28 U.S.C. § 1446(a); "[p]romptly after" that, she must give "written notice" to plaintiff and file a copy of the notice of removal in the state court, *see* 28 U.S.C. § 1446(d). Plaintiff was not entitled to advance notice of removal and defendant did not have to seek her "input and consideration." (#13 at 1); *see Jessop v. General Motors Co.*, 178 F.3d 1294, 1999 WL 196529, at *1 (6th Cir. 1999) (unpublished); *see also Quintier v. Ducey*, #21-cv-00754-PHX-GMS (DMF), 2021 WL 2667532, *1 n.2 (D. Ariz. June 2, 2021).

Nevertheless, the court recommends that plaintiff's motions to remand (##13; 22) be allowed because there is ambiguity as to the source of law for her constitutional claims and that ambiguity must be resolved against removal. *See Rossello-Gonzalez*, 398 F.3d at 11. As defendant notes, *see* #19 at 2, plaintiff does allege that defendant "violated our constitutional and our human rights." (#7 at 13.)[3] However, on the face of her complaint, plaintiff does not identify the constitutional rights; does not state that the constitutional rights arise under federal law; and does not cite 42 U.S.C. § 1983, the federal statutory vehicle for bringing federal constitutional claims.[4]

---

[3] Defendant does not argue that plaintiff's seeming claims for defamation, slander, and infliction of emotional distress, *see* #7 at 10, confer federal question jurisdiction. *See* ##1; 19.

[4] Plaintiff does not cite any statute, including the Massachusetts Civil Rights Act ("MCRA"), Mass. Gen. Laws. ch. 12, §§ 11H, 11I. *See* #7 at 3-4 (civil cover sheet listing codes for tort, equity, and administrative actions involving Commonwealth but not for MCRA). The MCRA is the state statutory vehicle for bringing federal and state constitutional claims. Effective July 1, 2021, it was

Certainly, plaintiff's factual allegations might implicate, among other provisions, the Fourth Amendment (for the alleged unlawful invasion of her home) and the Fourteenth Amendment (for the alleged discrimination based on her national origin) to the United States Constitution. But those allegations implicate Article XIV (invasion) and Article I (discrimination) of the Massachusetts Declaration of Rights, as well. Those allegations, especially that police "intimidate[ed]" and "scared" plaintiff and her family by circling and stopping near their house daily for several months, *see* #7 at 13, are suggestive of the "threats, intimidation, or coercion" required by the MCRA, but not 42 U.S.C. § 1983. *See Raymond v. City of Worcester*, 142 F. Supp. 2d 145, 148 n.1 (D. Mass. 2001) (unlike 42 U.S.C. § 1983, the MCRA reaches private actors and requires interference or attempted interference with rights by "threats, intimidation, or coercion"); *id*. at 149 ("threats" defined as "the intentional exertion of pressure to make another fearful or apprehensive of injury or harm;" "intimidation" as "putting in fear for the purpose of compelling or deterring conduct;" and, "coercion" as "the application to another of such force, either physical or moral, as to constrain him to do against his will something he would not otherwise have done" (quoting *Planned Parenthood League of Mass., Inc. v. Blake*, 417 Mass. 467, 474 (1994))).

The court recognizes that judges in this district have found federal question jurisdiction for removal purposes despite the plaintiff's failure to cite 42 U.S.C. § 1983 explicitly. *See Tarr*, 405 F. Supp. 2d at 77-78; *Hood v. City of Boston*, 891 F. Supp. 51, 53-54 (D. Mass. 1995). Yet, in *Tarr* and *Hood*, the plaintiff cited either the United States Constitution generically or an Amendment specifically. *Tarr*, 405 F. Supp. 2d at 77-78 (finding that jurisdiction existed as of the time of removal where allegations of "denial of due process" and "suppression of speech" were sufficient

---

amended to provide, *inter alia*, that "[a]ll persons shall have the right to bias-free professional policing…." Mass. Gen. Laws. ch. 12, § 11H(b).

to raise federal claims;[5] but declining to assert supplemental jurisdiction and remanding after parties conceded that plaintiff was no longer pursuing federal claims); *Hood*, 891 F. Supp. at 53-54 (Fourth and Fourteenth Amendments specifically cited; remanding in light of plaintiff's stipulation to dismissal of federal claims).

Defendant ignores the absence of any express federal claim on the face of plaintiff's complaint and the availability of state civil rights claims given plaintiff's factual allegations. *See* ##1; 19. She has not cited any case in which a judge has found federal question jurisdiction notwithstanding plaintiff's failure to cite 42 U.S.C. § 1983 and the United States Constitution generically or an Amendment specifically. The court, however, has found cases where courts have remanded in similar circumstances. *See*, *e.g.*, *Sheppard v. City of Bayonne*, No. 20-cv-01845 (KM) (ESK), 2020 WL 2786665, at *1-3 (D.N.J. May 29, 2020) (remanding, *sua sponte*, where complaint did not identify federal authority and plaintiff's factual allegations indicating that police dragged him out of hotel room and he woke up in hospital bloody and scarred were equally suggestive of state law claims for assault and under the New Jersey Civil Rights Act); *Stinson v. Scoggins*, No. 07-cv-01757, 2008 WL 631204, at *3 (W.D. La. Mar. 4, 2008) (plaintiff's complaint "does not reference a specific federal law or constitutional provision. Vague references to deprivation of 'civil rights and liberties' and 'unlawful detention' are insufficient.... Such rights are also protected by state law, and the lack of specificity as to any particular federal civil right precludes reading the complaint to assert a federal claim for removal purposes.... [F]ederal question jurisdiction is not present merely because a federal law claim, such as 42 U.S.C. § 1983,

---

[5] The count of the attorney-filed *Tarr* complaint alleging "denial of due process" did not identify the source of the right to due process, *see* #04-cv-12091-NMG, #1-2 at 13 (¶¶ 54-55); however, the count alleging "suppression of speech" did identify the source of the right to free speech as "the Constitutions of the United States and of the Commonwealth of Massachusetts," *see id.* at 17 (¶ 78).

that was not pleaded by plaintiff may be available to him…."); *cf. Higgins v. Frank*, #13-cv-11295-FDS, 2013 WL 5671298, at *2 (D. Mass. Oct. 15, 2013) (granting motion to dismiss; plaintiff alleged that defendant violated his constitutional and civil rights, citing the MCRA and failing to identify any provision of the United States Constitution).

To summarize: plaintiff opposes removal and is the "master" of her claim. *See Danca*, 185 F.3d at 4. On the face of her complaint, it is not clear whether she seeks redress for federal, as opposed to state, civil rights violations. Defendant, who bears the burden, points to no cases supporting a finding of federal question jurisdiction in these circumstances. Accordingly, the court will not make that recommendation.

V. Recommendations.

For the reasons set forth above, the court recommends that the case be remanded to the Norfolk Superior Court. Plaintiff's motions explicitly seeking that relief (##13, 22) should be allowed. In the absence of jurisdiction, defendant's motion to dismiss (#9) and plaintiff's motions seeking various forms of relief (##11, 12, 15, 21, 23, and 24)[6] should be terminated or found moot.

---

[6] In #11, plaintiff requests that the court provide her with information about the case. Some of that information is set out in this report and recommendation. There is no "Civil Tracking Order" or summons to be served. #21 is substantively identical to #11.
    In #12, plaintiff seeks orders compelling defendant to serve pleadings "ON TIME" and to "officially apologize" to the Norfolk Superior Court for "unnecessary and senseless" paperwork and to plaintiff for allegedly "forcing [her] to spen[d] countless hours trying unsuccessfully to obtain information…." Defendant opposes, *see* #18, representing that counsel has served plaintiff with all pleadings, including via first-class mail. #24 is substantively identical to #12.
    In #15, plaintiff requests a waiver of "past and future" fees and orders directing the Waltham District Court and Norfolk Superior Court to refund fees. #23 is substantively identical to #15. A federal court has no authority to order a state court to refund fees. *See Batavitchene v. Clarke*, #10-cv-11854-DJC, 2011 WL 3841930, at *2 (D. Mass. Aug. 29, 2011) (collecting authorities).

VI. <u>Review by District Judge</u>.

The parties are advised that any party who objects to this recommendation must file a specific written objection with the Clerk of this Court within fourteen days of service of the Report and Recommendations. The written objection must specifically identify the portion of the Report and Recommendations to which objection is made and the basis for such objection. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) shall preclude further appellate review. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *U.S. v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *U.S. v. Vega*, 678 F.2d 376, 378–79 (1st Cir. 1982); *Park Manor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

April 6, 2022

/s/ M. Page Kelley
M. Page Kelley
Chief United States Magistrate Judge